**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 13-320 |
| | ) | Civil No. 18-525 |
| | ) | Judge Nora Barry Fischer |
| COREY GRAY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

  I.   INTRODUCTION

   This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence

under 28 U.S.C. § 2255, ("Motion"), filed by *pro se* Defendant Corey Gray ("Defendant"),

(Docket No. 70), and the Government's opposition thereto, (Docket No. 75). Defendant

maintains that his sentence of 36 months' incarceration for supervised release violations should

be vacated and that he should be resentenced because he allegedly waived his right to a hearing

on the violations due to what he claims was improper conduct by the prosecutor. (Docket No.

70). The Government counters that the motion is procedurally defective and otherwise without

merit as Defendant knowingly and voluntarily agreed to admit the violations and accept a

sentence of 36 months, which was agreed-upon by the parties. (Docket No. 75). After careful

consideration of the parties' submissions and for the following reasons, Defendant's Motion [70]

is denied.

  II.   BACKGROUND

   This supervised release case arises out of a sentence of 87 months' incarceration and 4

years' supervised release imposed by the Hon. Irene M. Keeley in the U.S. District Court for the

Northern District of West Virginia for Defendant's commission of the offense of aiding and

abetting in the possession with intent to deliver five grams or more of crack cocaine. (Docket No. 1-2). On October 28, 2011, Defendant's sentence was reduced to 60 months' incarceration pursuant to 18 U.S.C. § 3582(c)(2). (*Id*.). The U.S. Probation Office in this District commenced supervision of Defendant on February 7, 2013 and jurisdiction of his case was formally transferred here on December 16, 2013. (Docket No. 1). This Court held a violation hearing on January 21, 2015 at which time Defendant admitted to violating the condition that he not commit another federal, state or local crime as he had pled guilty to robbery in the Court of Common Pleas of Allegheny County due to his participation in an armed robbery of a McDonald's Restaurant in West Mifflin, Pennsylvania. (*See* Docket Nos. 37, 39). After hearing the positions of the parties and the Probation Officer, the Court accepted their agreement and sentenced Defendant to 24 months' incarceration, to be served concurrently to the sentence imposed by the Court of Common Pleas and to be followed by a 1-year term of supervised release. (*Id*.).

Defendant was released from custody on October 21, 2016, at which time supervision by the U.S. Probation Office re-commenced. (Docket No. 42). On March 1, 2017, a petition was filed against Defendant advising that he committed another, federal, state or local crime, and a supplemental petition was filed on March 3, 2017, advising the Court of the specific offenses with which he was charged in the Court of Common Pleas. (Docket Nos. 42; 46). In short, Defendant had been arrested in relation to a double shooting which occurred in Duquesne, Pennsylvania on February 24, 2017 and was charged with: two counts of aggravated assault; two counts of criminal attempt-criminal homicide; one count of person not to possess a firearm; and one count of recklessly endangering another person. (Docket No. 46). A second supplemental petition was filed on May 24, 2017 advising the Court that Defendant committed another violation on December 2, 2016 in that he was observed by his Probation Officer getting into a

vehicle with his co-defendant Santana Wygant but did not have permission to associate with him. (Docket No. 50).

The state charges against Defendant were dismissed and he was brought into federal custody for the violation proceedings in May of 2017. (Docket No. 54; 55). Both the defense and the Government sought continuances of the proceedings before this Court so that the Government could make necessary disclosures of discovery materials to the defense and to permit the parties an opportunity to negotiate a resolution of the petitions. (Docket Nos. 59; 61). The requested discovery was produced, (Docket Nos. 63; 65), and prior to the hearing, the parties and Probation Officer advised that they had reached an agreement on the disposition of the petitions, (*see* Docket No. 80).

At the July 31, 2017 hearing, the Court posed initial background questions to Defendant, who testified that: he was 27 years old; had earned a GED and completed a masonry course for which he earned a certificate; had no problems communicating with his counsel; was not under the care of a medical doctor, including a psychiatrist or a psychologist, social worker, drug counselor or therapist; and had not underwent any treatment for alcohol or drug addiction. (Docket No. 80 at 6-8). He asserted that he understood everything that was happening at the hearing and had sufficient time to consult with his counsel on the matter. (*Id*. at 8). His counsel confirmed same and stated that she believed Defendant was competent to participate in the proceedings. (*Id*.). After observing Defendant's responses to the questions and his demeanor, the Court found that he was competent to proceed. (*Id*.).

The Court next reviewed the allegations in the petitions with Defendant, all of which he confirmed that he had read, reviewed with his counsel and understood. (Docket No. 80 at 8-10). When asked if Defendant was prepared to admit some or all of the alleged violations, his counsel

responded "all of them." (*Id*. at 10). The Government and Probation Officer declined to present any additional facts concerning the violations due to Defendant's admissions. (*Id*. at 11). The Court then informed Defendant of the potential penalties for such violations which included an advisory guidelines range of 12-18 months' incarceration and up to a thirty-six month term of incarceration under the applicable statute. (*Id*. at 11-13). At this point, the Court referenced the potential agreement on an appropriate sentence and requested that defense counsel place such agreement on the record. (*Id.* at 13). This exchange followed:

> MS. COHN: Yes, Your Honor. Mr. Gray and the government have come to an agreement on a sentence of 36 months, which is the statutory maximum for the violation in this case and is above the guideline range.
>
> The reason that we are agreeing to this is because Mr. Gray is avoiding a new criminal prosecution for the conduct set forth in the petition. So in light of all the circumstances, Mr. Gray has agreed on a sentence of 36 months.
>
> THE COURT: Thank you. Mr. Lenhardt, anything you would like to add?
>
> MR. LENHARDT: Your Honor, I concur with all of that. The agreement also expected a period of supervised release to be determined by the Court and an amount of restitution to be determined by the Court. I have personally spoken to both of the victims in this matter. Neither is seeking restitution, Your Honor.
>
> THE COURT: Okay. Ms. Ferri, is there anything that you with to add?
>
> PROBATION OFFICER FERRI: No, Your Honor.

(*Id.* at 13-14). The attorneys and Probation Officer presented their respective positions as to the length of the term of supervised release and the conditions of same. (*Id*. at 14-18). The Court again addressed Defendant:

> THE COURT: Mr. Gray, are you in any way dissatisfied with the service and representation of your attorney to this point?

THE DEFENDANT: No.

THE COURT: Is there any statement you would like to make to the Court?

THE DEFENDANT: No.

(*Id*. at 18). After making factual findings regarding the evidence proffered by counsel, to which no objections were lodged, the Court considered all of the relevant factors under § 3553(a) and for reasons detailed on the record, imposed the parties' agreed-upon sentence of 36 months' incarceration and ordered that Defendant serve an additional period of supervised release of five years. (*Id*. at 19-28). The Court advised Defendant of his right to appeal the judgment within 14 days and neither Defendant nor counsel for the parties had any additional matters for consideration by the Court. (*Id*. at 30-31). Overall, the record is clear that Defendant did not raise any objections to the adjudication of the petitions or the sentence imposed by the Court during the proceeding.

Defendant did not appeal the Court's judgment to the Court of Appeals. (*See generally* Docket Report 13-320). On April 24, 2018, Defendant filed his § 2255 Motion. (Docket No. 70). At the Government's request, (Docket No. 71), the Court advised Defendant of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), (Docket No. 72), and he requested that the Court rule on his motion, as initially filed. (Docket Nos. 71; 72; 75). After receiving an extension of time from the Court, the Government timely filed its response in opposition on August 14, 2018, (Docket No. 78), and the official transcript of the revocation hearing was filed with the Court on August 22, 2018, (Docket No. 80). No further briefing has been requested and the Court considers the matter to be fully briefed and ripe for disposition.

III.     LEGAL STANDARD

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).  A motion under § 2255 is a collateral challenge that is viewed less favorably than a direct appeal and "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)) (further quotations omitted).  Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact.  *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015).  But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing.  *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41.  If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984).  Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

IV.     DISCUSSION

Defendant argues that his sentence must be vacated and that he should be provided an evidentiary hearing on the supervised release petitions because his due process rights were violated due to improper conduct by the prosecutor in threatening to bring a new charge against him if he did not agree to admit the violations of his supervised release and to accept a term of incarceration of 36 months' imprisonment for same.  (Docket No. 70).  In response, the Government maintains that the motion must be denied for several reasons: first, Defendant procedurally defaulted on such claim as he did not file a direct appeal raising the alleged due process violation; second, that Defendant knowingly and voluntarily admitted the violations and agreed to the sentence of 36 months' incarceration; and, third, that the claimed improper conduct by the prosecutor does not constitute actionable prosecutorial misconduct and indeed, is a permissible litigation tactic.  (Docket No. 75).

Having considered the parties' arguments, in light of the evidence of record, including the transcript of the supervised release violation hearing, (Docket No. 80), it is this Court's opinion that Defendant's motion is without merit and must be denied without a hearing.  *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008).  In reaching this decision, the Court need not address the Government's position that Defendant's claims are procedurally defaulted due to his failure to raise such matters on direct appeal.  Rather, the Court finds that the record clearly reveals that Defendant knowingly and voluntarily admitted the violations of supervised release and agreed to the sentence of 36 months' incarceration which was imposed by the Court.  *Cf. United States v. Brinson*, Crim. No. 15-87, 2016 WL 7035061, at *2 (W.D. Pa. Dec. 2, 2016) (denying motion to vacate as Defendant knowingly and voluntarily pled guilty to charge pursuant to Rule 11(c)(1)(C) agreement for 120 months' incarceration which was also the

mandatory minimum penalty for the offense); *United States v. Evans*, Crim. No. 15-252, 2018 WL 3208254, at \*4 (W.D. Pa. Jun. 29, 2018) (denying motion to vacate as Defendant knowingly and voluntarily pled guilty to charge pursuant to Rule 11(c)(1)(C) plea agreement for sentence of 72 months' incarceration). Further, Defendant's present claim that he was "coerced" into accepting the deal is not supported by the record as he was provided multiple opportunities to speak during the proceeding at which time he testified that he: was satisfied by the representation of his counsel who negotiated the deal on his behalf; declined to make a statement to the Court; and, raised no objections to the disposition of the matter. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Accordingly, Defendant's § 2255 motion must be denied.

Alternatively, Defendant's § 2255 motion fails because he has not sufficiently alleged nor demonstrated that any prosecutorial misconduct occurred in this matter. (Docket No. 70). To this end, Defendant claims that the Government violated his due process rights by advising Defendant and his counsel that it would pursue new charges against him if he did not admit the violations, waive his right to an evidentiary hearing and accept a sentence of 36 months' incarceration. (*Id*.). The Government naturally contests such claim. (Docket No. 75). As the U.S. Court of Appeals for the Third Circuit recently explained:

> "To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'" *United States v. Goodwin*, 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978)). "But in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Bordenkircher*, 434 U.S. at 363, 98 S.Ct. 663. Unlike "a change in the charging decision made after an initial trial is completed," a pretrial decision to pursue enhanced charges does not automatically trigger a presumption of vindictiveness. *Goodwin*, 457 U.S. at 381, 102 S.Ct. 2485; *see also*

*United States v. Esposito*, 968 F.2d 300, 303 (3d Cir. 1992) ("We
will adopt such a presumption only in cases in which a reasonable
likelihood of vindictiveness exists.").

*United States v. Ponder*, No. 17-3246, 2018 WL 3078373, at \*2 (3d Cir. June 21, 2018). "'[B]y tolerating and encouraging the negotiation of pleas,' our system 'has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right' to proceed to a [hearing]." *United States v. London*, No. 15-1206, 2018 WL 4189616, at \*2 (3d Cir. Aug. 31, 2018) (quoting *Bordenkircher*, 434 U.S. at 364, 98 S.Ct. 663). In this Court's estimation, there is no evidence supporting the claimed due process violation because, as is noted above, with the assistance of counsel, Defendant knowingly and voluntarily accepted the prosecution's offer after being provided an opportunity to reject it. (Docket No. 80 at 10-14, 18). Additionally, there is no evidence in the record that the Government reneged on the deal by filing new charges against him or otherwise. *See generally*, Docket Report, Crim. No. 13-320. Therefore, Defendant's motion must also be denied on this basis.

V.    CONCLUSION

Based on the foregoing, Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is denied, with prejudice. The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

9

Dated: October 11, 2018

cc/ecf: All counsel of record
       Corey Gray (USMS # 06226087)
       FCI Berlin
       P.O. Box 9000
       Berlin, NH 03570
       (via first class mail)